## Thomas Dawson for the use of Isaac Wikoff and George K. Harrison *against* William Pynsent Tibbs, David Allison and Benjamin Grayson Orr.

A commission to examine witnesses in which parties have joined, though the rule on which it was grounded was not entered on the docket, the deposition taken under it will be received in evidence, the 37th rule of practice of the Supreme Court notwithstanding. Any thing may be given in evidence to shew that the plaintiff has no right to recover, and even a general release, under the plea of *non assumpsit.*

Nonsuit refused on an alledged variance, where the facts are not absolutely ascertained.

THE plaintiff declared in special *assumpsit* that in consideration of $1492 and 50 cents, paid to the defendants on the 14th August 1795, they had promised to pay and deliver in twelve months, the same sum in assorted seasonable European merchandize, at wholesale cash prices; that Allison and Orr had

[Dawson, for &c. *v.* Tibbs et al.]

been returned by the sheriff, "not to be found" on the *capias;* and that they and each of them had neglected and refused to pay and deliver the same, &c.   Pleas *non assumpsit* and payment, with leave, &c.

The plaintiff produced a written engagement of the defendants, in consideration of $1492 and 50 cents, to pay and deliver the goods, and there rested his cause.

The defence set up, was, that the note in question was given with six others, which had been cancelled and paid, for 199,000 acres of land in Georgia, and for which no good title had been given, and that there was not above 5000 acres of the whole quantity, for which the defendants had received a legal unincumbered right.   To prove this, they offered the examination of one Ezekiel Hudnall taken under a commission, issued from the Supreme Court, upon which the defendant's interrogatories had been filed 12th May 1800 and the plaintiff's on the 30th May following.   The commission had been returned on the 30th August 1800, but no rule of court whereon the commission was grounded, appeared on the records.

The plaintiff's counsel excepted to the testimony proposed. The commission is invalid, not being founded on a rule of court, and the authority of the commissioners to administer an oath rests on the rule of court.   Besides, no notice of special matters has been given, under the 37th rule of the Supreme Court for *regulating its practice, and the *cestuis que use* who are strangers to the original transaction, are thereby hinder- [*350 ed from an opportunity of encountering the evidence intended to be offered.   In the case of a special *assumpsit*, at common law, payment or other legal discharge must be pleaded; though it is otherwise on a general *assumpsit*.   Gilb. Law of Evid. 205, 206. 1 Mod. 210.

The defendant's counsel answered, that there certainly must have been a rule for a commission, though from oversight the entry of it had been omitted; at all events, the plaintiff had joined therein, which takes off the force of the objection.   The rule of the court relied upon, was intended to remedy an evil, which existed before; its spirit was to prevent the surprise of the adverse party by unexpected evidence on the general issue, but the testimony strictly admissible before on such plea, remained unaffected by the rule.   On *non assumpsit*, any thing can be given in evidence which shews that nothing is due; and the distinction between general and special *assumpsit* as to this point is denied.   Bull. 148.   But is it absurd to urge the smallest surprise in a case like the present, the deposition taken under the commission was returned near seven years ago, and operated as full notice of the special matters relied upon.

YEATES, J.   The commission actually issued in this instance, affords a strong presumption that a rule of the court had been

[Dawson, for &c. *v.* Tibbs et al.]

previously obtained, though it may not have been transferred from the rough minutes of the prothonotary ; the person named therein would derive the same authority to administer an oath under it in a sister state, as if a rule was now found on our records. It was the act of the court, certified formally. But independently hereof, it would seem that the parties joining in the commission and filing their respective interrogatories, would supersede the necessity of a rule ; because it was virtually an agreement that the deposition taken under those questions should be received in evidence.

As to the 37th rule of the Supreme Court, it left the evidence on the general issue, as it was strictly admissible before ; and I have always understood it to be settled law, that on *non assumpsit*, every thing may be given in evidence, which shews that the plaintiff has no right to recover. It was formerly held that a general release formed an exception to the rule; 2 Barnes 293; old ed. Herbert *v.* Fowler *et al.;* but the latter authorities remove even this exception. Burr. 1010. 3 Burr. 1353. 3 Espin. Rep. 234. Bull. 148. It is however a relief to my mind, that there can be no pretext for surprise upon this occasion.

*351]  *The testimony was received, but the defendant did not substantiate his evidence thereby.

The defendant's counsel, in their address to the jury, insisted that there was a variance between the declaration and proof. The written engagement purported, that the promise was made in consideration of 1492 dollars and 50 cents, but not for that sum paid by the plaintiff, as he had laid it in his declaration. In reality, the consideration of the note was the sale of the Georgia lands.

The court refused to nonsuit the plaintiff hereupon. The fact is controverted, whether the note was given for lands, and whatever the probability may be, it is not absolutely ascertained. If the supposed variance is insisted upon, let the point be considered as reserved, subject to further argument in Bank, in case the plaintiff shall obtain a verdict.

Verdict *pro quer.* for $2440 and 72 cents, the amount of the note, and interest up to the day in Bank.

Messrs. Ingersoll and T. Ross, *pro quer.*

Messrs. M. Levy and Franklin, *pro def.*

Afterwards on the 16th March 1807, the *postea* having been returned into Bank, it was agreed, that judgment should be entered for the plaintiff ; Mr. Levy admitting, that the jury by their verdict had negatived the ground, upon which his motion for a nonsuit had been founded.